**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1554

AMEE AHOLOU,

Petitioner,

versus

MICHAEL B. MUKASEY, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A97-625-315)

Submitted: December 17, 2007          Decided: January 7, 2008

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ana T. Jacobs, ANA T. JACOBS & ASSOCIATES, P.C., Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Jason Xavier Hamilton, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amee Aholou, a native and citizen of Togo, petitions for review of an order of the Board of Immigration Appeals (Board) affirming without opinion the immigration judge's denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture. We treat the immigration judge's reasoning as that of the Board's in our review. Haoua v. Gonzales, 472 F.3d 227, 231 (4th Cir. 2007).

Aholou challenges the immigration judge's finding that her testimony was not credible and that she otherwise failed to meet her burden of proving her eligibility for asylum. We will reverse this decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution," Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted), and we uphold credibility determinations if they are supported by substantial evidence. Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006).

We have reviewed the administrative record and the immigration judge's decision and find that substantial evidence supports the adverse credibility finding and the ruling that Aholou failed to establish past persecution or a well-founded fear of future persecution as necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2007) (stating that the burden of proof is on the alien to establish eligibility for asylum);

<u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 483 (1992) (same). Moreover, as Aholou cannot sustain her burden on the asylum claim, she cannot establish her entitlement to withholding of removal. <u>See</u> <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 ("Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3) [(2000)].").

We also find that substantial evidence supports the finding that Aholou fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2007). Upon reviewing the administrative record, we find that the immigration judge applied the proper standard to assess the evidence, and that Aholou failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

- 3 -